## GONCE v. MÉNDEZ.

### APPEAL from the District Court of Mayagüez.

No. 93.—Decided December 12, 1904.

UNLAWFUL DETAINER—DEFENDANT'S TITLE.—An action of unlawful detainer is not a proper remedy wherein to allege rights which are more or less controvertible, and the courts should confine themselves in such cases to an examination and decision of the question whether the action prosecuted with respect to the persons sought to be compelled to vacate can be maintained, and the title alleged by the plaintiff may serve to show in another action that the defendant is without right to possession, but not to disprove a situation with respect to the parties.

The facts are stated in the opinion.

*Mr. Palmer,* for appellant.

*Mr. Alvarez Nava,* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

Pedro Regalado Gonce filed a complaint in the Mayagüez

court in an action of unlawful detainer on March 31, 1903, attaching thereto a certificate of inscription in his favor, of the possession of a rural estate situated in the *barrio* of Piñales within the municipal jurisdiction of Añasco, composed of 30 *cuerdas,* more or less, as well as a copy of the proceedings had to require Francisco Méndez to vacate the property within the period of thirty days, which demand was made, and the time fixed has expired, his said action being based on the ground that Méndez occupies the said property, which plaintiff acquired by purchase from José R. Pesante, as a tenant at sufferance.

The parties were summoned to appear and Méndez opposed the complaint, and consequently upon the papers being delivered to him, in answer he alleged such facts and legal authorities as he deemed proper, absolutely denying the the grounds upon which the complaint was based, and asserting that he did not hold the property in question as a tenant at sufferance.

From a careful examination of the evidence it appears that the mercantile firm of Sucesores de Antonio Diez, of Añasco, brought a civil action against the Estate of Juan Pablo Crespo to recover the amount of a debt contracted by the latter amounting to 199.35 *pesos,* and all the proceedings having been had a judgment favorable to plaintiff was rendered September 18, 1895, and being consented to, the debtor Estate, two days thereafter, or on September 20th, sold the property by public deed to José R. Pesante, who by compulsory proceedings filed an action in intervention of ownership, which was dismissed in both instances on the ground that where there are debts there is no inheritance, and in such circumstances the undeclared heirs could not sell property which belonged to Juan Pablo Crespo to the prejudice of the debt that he contracted with the Sucesores de Antonio Diez.

The property in question was then attached and bought

in at public sale by the creditor firm, which having complied with all the legal requirements of demanding from the debtor Estate the execution of the deed thereto, by reason of the failure of the said Estate to so execute the deed, it was executed by the municipal judge of Añasco in favor of the said firm under date of May 24, 1897.

The Sucesores de Antonio Diez having become the owners of the property in question by virtue of the judicial sale aforesaid, and the said mercantile firm having been absolved, and Messrs. Diez and Arrarás having been charged with the liquidation thereof, they paid the taxes from July to December, 1901, and January to June, 1902; and by an extra-judicial document, dated June 26, 1899, they sold the property in question to Francisco Méndez, who is now the defendant herein, for the sum of 1,000 *pesos*, provincial money, a part of the price having been paid, and the purchaser agreeing to pay the balance in successive installments. The parties acknowledged the authenticity of all the documents presented.

Several witnesses also testified but their testimony is not important. A certificate of possession in favor of Gonce was introduced. On July 1, 1903, judgment was rendered by the Mayagüez court dismissing the action of unlawful detainer on the ground that the fact that the person in possession of the property is a tenant at sufferance, as alleged as the basis of the action, has not been proved.

Pedro R. Gonce took an appeal from this judgment and in view of this appeal, which was allowed, Attorney Santiago B. Palmer appeared in his behalf before this Supreme Court and examined the record in the case, which was submitted to him; and a day having been set for the hearing counsel for respondent only appeared, and made such oral argument as he considered conducive to his rights, in support of the judgment appealed from.

After a careful review of all the facts in the case, the conclusion is reached, as stated in the judgment appealed from,

that it has not been shown that the defendant Méndez possesses the property by the toleration of the plaintiff, Gonce, or by that of his predecessor in interest, José R. Pesante. That on the contrary, Méndez appears to possess the property by virtue of a title of purchase, and it must be borne in mind that, as held by the Supreme Court of Spain, in its judgment of April 8, 1897, an action of unlawful detainer is not the proper remedy in which to allege rights which are more or less controvertible; but that the courts in such actions should confine themselves to the consideration and decision of the question, whether the action prosecuted against the person sought to be compelled to vacate the property, will lie, and the title produced by the plaintiff may serve to show, in a separate action, that the defendant is without right to the possession, but not to disprove a situation of fact respecting the parties.

Upon the supposition that such a situation exists, the action of unlawful detainer brought by Pedro R. Gonce, and based upon subdivision 3 of article 1563 of the old Law of Civil Procedure, cannot be sustained, inasmuch as it has not been proved that the defendant is a tenant at sufferance.

For the reasons stated in the judgment appealed from and in view of the foregoing conclusions, we are of the opinion that the said judgment should be affirmed with costs against the appellant.

*Affirmed.*

Chief Justice Quiñones, and Justices Hernández, MacLeary, and Wolf concurred.